UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                               )<br>        Plaintiff,             )<br>                               )<br>        v.                     )<br>                               )<br> TYRONE PATIN,                  )<br>                               )<br>        Defendant.              )<br> _____ ) | Case No. CR 07-09<br><br>DETENTION ORDER |

Offenses charged:

    Count 1 - Possession of Cocaine Base With Intent to Distribute (50 or more grams).

    Count 2 - (same charge on different dates) in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(iii).

Date of Detention Hearing:   April 10, 2007.

Background:   On December 5, 2006, the defendant appeared before the Honorable John L. Weinberg for an initial detention hearing. Dkt. No. 7. The Court concluded that the defendant posed a danger to the community and a risk of flight that could not be addressed by conditions other than detention. On March 19, 2007, in response to allegations of some improprieties regarding law enforcement officers that required further investigation, the undersigned Magistrate Judge considered the defendant's unopposed motion for release from detention. At that time, the defendant was released to a halfway house. Dkt. 30.

    The defendant's conduct at the halfway house violated the rules of the halfway house, and he was infracted several times. His conduct also demonstrated that he is unable or unwilling

to deal with supervision. His aunt has offered to have him stay with her, but she works full time, and would be unable to provide supervision as required.

The Court has previously determined that the defendant poses a risk of flight and also poses a risk of danger to the community. His conduct at the halfway house indicates that he is not responsive to supervision. Accordingly, pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention set forth in the December 6, 2006 Detention Order,     IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 11th day of May, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge